USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/04/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAROLD JEAN-BAPTISTE,

                Plaintiff,

-against-

UNITED STATES DEPARTMENT OF JUSTICE; MERRICK B. GARLAND; FEDERAL BUREAU OF INVESTIGATION; CHRISTOPHER WRAY; CIVIL PROCESS CLERK FOR THE U.S. ATTORNEY'S OFFICE,

                Defendants.

24-CV-01152 (VEC)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

VALERIE CAPRONI, United States District Judge:

Plaintiff paid the filing fees to bring this action *pro se*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff filed this complaint against the following Defendants: (1) the United States Department of Justice ("DOJ"); (2) Merrick B. Garland; (3) the Federal Bureau of Investigation ("FBI"); (4) Christopher Wray; and (5) the "Civil Process Clerk for the U.S. Attorney's Office.[1] Plaintiff brings claims under multiple criminal statutes, and he also invokes the Fourth and Fourteenth Amendments to the United States Constitution, the Electronic Privacy Act of 1986, and 42 U.S.C. §§ 1981, 1983, 1985, 1986. Plaintiff seeks declaratory and injunctive relief and money damages. (ECF 1 at 3.) Plaintiff alleges that Defendants have retaliated against him for filing "color of law lawsuits," by engaging in "highly illegal actions to hurt the Plaintiff's life," due to "pure racism, white supremacy in the FBI, [and] unfiltered rage and evil."[2] (ECF 1 at 5, 7.)

To prove this assertion, Plaintiff recounts events occurring in 2021 and 2022, in various locations and involving random individuals. For example, Plaintiff alleges that on August 1, 2021, he went to visit his aunt who was recovering from a broken leg in a Manhattan hospital. (*Id.* at 9.) After leaving the hospital, Plaintiff traveled by subway and the Long Island Railroad ("LIRR") to Valley Stream. (*Id.*) At that train station, Plaintiff requested a cab; as he waited, he observed people coming and going from the station and waiting for taxis. (*Id.*) Plaintiff "noticed a white male and female '*quido*' demeanor, with a Brooklyn native accent walking away from" the LIRR station. (*Id.*) A driver was dispatched by Theresa (who was apparently the taxi dispatcher), but an "FBI Special Agent was the architect of this operation." (*Id.*)

---

[1] Although the Court has not issued summonses, Plaintiff filed a "certificate of service" on February 26, 2024. (ECF 4.) Defendants are not required to answer the complaint.

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

> As a result of Covid, multi passengers would not be safe decision based on health advised by CDC, to put multiple people in a vehicle, this was the first red flag the Plaintiff notice. As a teenage[r] the Plaintiff worked at a Sizzle restaurant a dishwasher in Forest Hill Queens, the Plaintiff knew of many "*quido*" Italian personality and organize crime people friends of the Plaintiff's co-workers at Sizzler, and their level of unsophistication, broken English languages, and mannerisms the white "*quido*" male and female were not FBI Agents, the Plaintiff believe they were mafia or organize crime. The "*quido*" white guy had a bag in his hand and the female passenger insisted she was going to sit behind the Plaintiff and the male sat on the back seat right passenger chair and the Plaintiff sat right behind the driver. While the Taxi driver started to drive, the cab driver asked if the Plaintiff had called the Taxi stand before the Plaintiff took the cab, the Plaintiff said no, that's when the plot was transparent to the Plaintiff, the driver of the cab wanted to see if the Plaintiff left a record of the Taxi request on the Plaintiffs phone, which met he knew of the plot. Taxi driver drove on the back street and the Plaintiff position himself to look at the passenger and his hand; the Plaintiff knew if something was going to happen, he was going to use his hand to pull a weapon or anything else to do harm to the Plaintiff. While the Taxi driver kept driving on the back streets of Valley Stream, the Plaintiff noticed a big van double parked on left side of the 93 Hungry Harbor Road, Valley Stream NY 11581 with the right-side sliding door of the big van open, but the driver was not moving anything out of it, and with a small space to drive on the right, and the car in front of the Taxi was a burgundy SUV that could not pass. The Plaintiff told the driver he needed to honk to get the van to move, he said he did not want to do that, and it would be loud. Who in NYC don't use their horn to tell another vehicle to move out the way, and the space to pass was supper tight? The Plaintiff also noticed the uncomfortable nature of the white passenger next to the Plaintiff and then it hit the Plaintiff this was attempt kidnapping to end the Plaintiffs life. Then the burgundy SUV with TLC places in front of the Taxi honk and the van move to the right side, and as he parked the van to the right side, the Plaintiff look to see who was in it, and the Plaintiff noticed the driver quickly jump to the back of the van to hide his identity. At that moment the Plaintiff completely realized this was an attempt on his life.

(*Id.* at 10-11.)

Plaintiff recounts other allegedly suspicious events occurring in different locations on other dates in August and also on September 14, 2021, March 13, 2022, and June 23, 2022. (Id. at 13-34.) Attached to the complaint are four photographs that purportedly relate to the incident occurring on June 23, 2022, at the corner of 149th Avenue and Hook Creek Avenue in Rosedale, Queens. The photographs show: (1) a house with an open gate; (2) two individuals walking together wearing reflective vests; (3) a van; and (4) the street. According to Plaintiff the photographs show: (1) a home owner opening the gate for the FBI; (2) "surveillance FBI

3

agents"; (3) "the FBI kidnap van pulling up"; and (4) the "kidnap team looking at trees." (*Id.* at 31.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, the allegations in Plaintiff's complaint are insufficient plausibly to allege a violation of his rights. The Court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be "unlikely." *Denton*, 504 U.S. at 33. A finding of factual frivolousness is warranted, however, when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Denton,* 504 U.S. at 32-33; *see Livingston*, 141 F.3d at 437.

Plaintiff's claims are premised on his belief that law enforcement agents and agencies are conspiring with individuals with whom he either interacts or sees to violate his rights by, among other things, surveilling and tracking him, and attempting to kidnap and kill him. A "[p]laintiff's beliefs − however strongly he may hold them − are not facts," however. *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions that he has been the victim of a broad conspiracy perpetrated by law enforcement agencies and others. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief).

Plaintiff has provided the court with allegations that he believes to be true − that he is a victim of a broad conspiracy perpetrated by Defendants to harm him – but that are implausible. Plaintiff has pleaded no factual predicate in support of his assertions; therefore, the allegations amount to conclusory claims and suspicions and must be dismissed as frivolous. *See Kraft v. City*

4

*of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance" by law enforcement "to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

There is no factual predicate or legal theory on which Plaintiff can rely to state a viable civil claim arising from these allegations and assertions. The Court, therefore, dismisses Plaintiff's complaint as frivolous.

**LEAVE TO AMEND, LITIGATION HISTORY, AND ORDER TO SHOW CAUSE**

In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend his complaint, but the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

Moreover, a review of the Public Access to Court Electronic Records ("PACER") system shows that Plaintiff has filed upwards of 45 cases in federal district and circuit courts around the country, many of which are substantially similar to this complaint with respect to the named defendants and the nature of the claims.[3] *See Jean-Baptiste v. United States Dep't of Just.*, No.

---

[3] *See Dwyer v. United Kingdom Gen. Commc'ns Headquarters*, No. 22-3012, 2024 WL 259693, at *1 n.1 (2d Cir. Jan. 24, 2024) ("While our cases generally discourage . . . dismissing an action *sua sponte* without notice and opportunity to respond, *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), we have recognized exceptions for "unmistakably"

22-CV-22531, 2023 WL 9013864, at *6 (S.D. Fla. Nov. 30, 2023) (noting that Plaintiff "has flooded the federal courts with frivolous lawsuits. He has filed at least 47 separate lawsuits against the federal government, its agents and officers, and private parties that he believes have conspired with them."). In the majority of these prior complaints, Plaintiff names the DOJ and the FBI, and claims that the government is conspiring against him. *See, e.g.*, *Jean-Baptiste v. United States Dep't of Just.*, No. 22-CV-8318 (LTS), 2023 WL 2390875 at *1-2 (S.D.N.Y. Mar. 6, 2023); *Jean-Baptiste v. United States Dep't of Just.*, No. 22-CV-1861, 2022 WL 3027010 at *1 (D.D.C. Aug. 1, 2022) (dismissing complaint for failure to comply with Rule 8, noting that Plaintiff: (1) "cites at least twenty or more statutes" without "explain[ing] the relevance of these citations"; (2) refers to FOIA requests without providing "any facts about the purported requests, such as when he submitted them and to whom"; and (3) provides "unsubstantiated hypotheses about what unidentified persons may have planned" as proof of his claims against FBI); *Jean-Baptiste v. United States Dep't of Just.,* No. 23-CV-1897 (JPC), 2023 WL 5694526, at *4 (S.D.N.Y. Apr. 24, 2023) (dismissing claims under section 1985 and 1986 because "[n]othing in the facts alleged suggest that any individual engaged in a conspiracy to deprive Plaintiff of his federally protected rights."), *appeal pending*, No. 23-1064 (2d Cir.); *Jean-Baptiste v. Montway LLC,* No. 22-CV-5579, 2022 WL 11213581, at *2 (E.D.N.Y. Oct. 19, 2022) (dismissing claims under section 1985 and 1986 for failure to state a claim and state law negligence claims for lack of subject matter jurisdiction).

---

defective pleadings, *id.*, and serial litigation that "reassert[s]" claims previously dismissed, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Based on [Plaintiff's] litigation history . . . no-notice *sua sponte* dismissal was appropriate here because [Plaintiff] was on constructive notice that his claims were vulnerable to dismissal.")

Because of this extensive litigation history, three other jurisdictions have already imposed filing injunctions on Plaintiff. *See Jean-Baptiste v. United States Dep't of Just.*, No. 23-CV-2298 (D.D.C. Jan. 18, 2024) (issuing an order enjoining Plaintiff "from filing any *pro se* complaint in the United States District Court for the District of Columbia without first obtaining leave to file upon a showing that the complaint raises new, non-frivolous matters that have not been previously adjudicated"); *Jean-Baptiste v. United States Dep't of Just.*, No. 22-CV-22531, 2023 WL 9013864, at *6 (S.D. Fla. Nov. 30, 2023) (deeming Plaintiff a "vexatious litigant" and enjoining him from filing any new action in that court alleging a government conspiracy "to monitor, surveil, or harm Plaintiff, physically or otherwise," without prior permission); *Jean-Baptiste v. United States Dep't of Just.*, No. 23-CV-6297, 2023 WL 6587958, at *2 (E.D.N.Y. Oct. 10, 2023) (enjoining Plaintiff from filing any further actions in that court, regardless of whether he pays the fees or seeks leave to proceed IFP, without first obtaining leave of court), *appeal pending* (2d Cir.).

Plaintiff has been warned repeatedly that he could face a similar injunction in this court if he continued to engage in further meritless litigation. *Jean-Baptiste v. Smith*, No. 23-CV-10466 (JGK), 2023 WL 8603044, at *3-4 (S.D.N.Y. Dec. 11, 2023); *Jean-Baptiste v. United States*, ECF 1:22-CV-8318, 11 (LTS) (S.D.N.Y. Mar. 6, 2023). The Court finds that Plaintiff was or should have been aware when he filed this action that the complaint asserts claims that are frivolous. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

The Court cannot tolerate the abuse of its limited resources. Plaintiff is, therefore, ordered to show cause why he should not be barred from filing any further actions in this court without first obtaining permission from the court to file his complaint, regardless of whether he pays the

filing fees or seeks leave to proceed IFP. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Not later than May 6, 2024, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why such an injunction should not be entered, he will be barred from filing any further actions in this court unless he first obtains permission from this court to do so, regardless of whether the pays the fees or seeks leave to proceed IFP.

## CONCLUSION

The complaint is dismissed as frivolous. By **May 6, 2024**, Plaintiff must show cause by declaration why an order should not be entered barring him from filing any future action in this Court without prior permission regardless of whether he pays the fees or seeks leave to proceed IFP. A declaration form is attached to this order. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will enter the bar order, effective as of the date of this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to keep this matter open until civil judgment is entered.

SO ORDERED.

Dated: April 4, 2024
New York, New York

_____
VALERIE CAPRONI
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| Executed on (date) | Signature |
| Name | Prison Identification # (if incarcerated) |
| Address                City                State        Zip Code | |
| Telephone Number (if available) | E-mail Address (if available) |

Page 2