```
                                            USDC SDNY
                                            DOCUMENT
                                            ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                DOC #:_____
SOUTHERN DISTRICT OF NEW YORK               DATE FILED: 04/29/2024
```

HAROLD JEAN-BAPTISTE,

                Plaintiff,

-against-

UNITED STATES DEPARTMENT OF JUSTICE; MERRICK B. GARLAND; FEDERAL BUREAU OF INVESTIGATION; CHRISTOPHER WRAY; CIVIL PROCESS CLERK FOR THE U.S. ATTORNEY'S OFFICE,

                Defendants.

24-CV-1152 (VEC)

BAR ORDER UNDER
28 U.S.C. § 1651

VALERIE CAPRONI, United States District Judge:

    WHEREAS on February 14, 2024, Plaintiff filed this action *pro se*, Dkt. 1;

    WHEREAS on April 4, 2024, the Court dismissed this action as frivolous and ordered Plaintiff to show cause why he should not be barred from filing further actions in this court without prior permission, regardless of whether he pays the filing fees or seeks leave to proceed *in forma pauperis* ("IFP"), Order to Show Cause, Dkt. 5;

    WHEREAS on April 24, 2024, Plaintiff filed a motion to "Show Cause and Opposition for Dismissal and (Declaration for summary judgment Attached)," Dkts. 6–7;

    WHEREAS in his response to the Order to Show Cause, Plaintiff continues to assert frivolous claims and states, in a conclusory manner, that the Court cannot "make an educated conclusion on a case without seeing or hearing the evidence" and that he "has not abuse[d]" his right to file new actions, Dkt. 6 at 1, 4;

    WHEREAS a review of the Public Access to Court Electronic Records ("PACER") system shows that Plaintiff has filed upward of 45 cases in federal courts around the country, many of which are substantially similar to this complaint, *see, e.g.*, *Jean-Baptiste v. United States*

*Dep't of Just.*, No. 22-CV-22531, 2023 WL 9013864, at *6 (S.D. Fla. Nov. 30, 2023) (noting that Plaintiff "has flooded the federal courts with frivolous lawsuits" and "filed at least 47 separate lawsuits against the federal government, its agents and officers, and private parties that he believes have conspired with them"); and

WHEREAS three other jurisdictions have already imposed filing injunctions on Plaintiff, *see Jean-Baptiste v. United States Dep't of Just.*, No. 23-CV-2298 (D.D.C. Jan. 18, 2024) (issuing an order enjoining Plaintiff "from filing any *pro se* complaint in the United States District Court for the District of Columbia without first obtaining leave to file upon a showing that the complaint raises new, non-frivolous matters that have not been previously adjudicated"); *Jean-Baptiste v. United States Dep't of Just.*, No. 22-CV-22531, 2023 WL 9013864, at *6 (S.D. Fla. Nov. 30, 2023) (deeming Plaintiff a "vexatious litigant" and enjoining him from filing any new action in that court alleging a government conspiracy "to monitor, surveil, or harm Plaintiff, physically or otherwise," without prior permission); *Jean-Baptiste v. United States Dep't of Just.*, No. 23-CV-6297, 2023 WL 6587958, at *2 (E.D.N.Y. Oct. 10, 2023) (enjoining Plaintiff from filing any further actions in that court, regardless of whether he pays the fees or seeks leave to proceed IFP, without first obtaining leave of court), *appeal pending* (2d Cir.).

IT IS HEREBY ORDERED that Plaintiff is enjoined from filing any complaints or initiating litigation in the Southern District of New York, regardless of whether he pays the filing fees or seeks leave to proceed IFP, unless he complies with the following conditions:  No new complaint or petition may be filed unless Plaintiff first files a motion for leave to file the new complaint.  That motion must include (1) a copy of this Order, (2) a copy of the proposed complaint, and (3) a one-page, double-spaced declaration in 12 pt font with 1-inch margins at both sides and the top and bottom, submitted under penalty of perjury, stating why the matter is

non-frivolous and stating whether it has been the subject of previous litigation. The motion must be filed with the Court's Pro Se Intake Unit. If Plaintiff violates this Order and commences an action without first obtaining leave to do so, the action will be dismissed for failure to comply with this Order.

It is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities." *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993). The Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings." *Id*. at 228. Although the Court will not at this time completely foreclose Plaintiff from filing any new lawsuits raising claims against the Federal Bureau of Investigation of the Department of Justice, Plaintiff is warned that if he continues to attempt to file frivolous lawsuits, the next step will be a complete filing injunction.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 29, 2024
         New York, New York

                                        _____
                                               VALERIE CAPRONI
                                            United States District Judge